**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**John M. PREWITT, Respondent.**

**99–SC–0763–KB.**

Supreme Court of Kentucky.

Nov. 18, 1999.

***OPINION AND ORDER***

The Kentucky Bar Association brought this action against Respondent, John M. Prewitt, for the preparation and dissemination of a press release accusing a Circuit Judge and two Judges of the Court of Appeals of accepting bribes from Kentucky Utilities Company in return for ruling against him in a lawsuit which he filed against that company. After a review of the facts of this case, the KBA Board of Governors has recommended that Respon-

dent be suspended for a period of two (2) years.

■ Respondent attempted to file with this Court a pleading entitled, "Respondent's Exceptions to Factual Errors in Opinion and Recommendation of the Board of Governors of the Kentucky Bar Association." On this Court's own motion, the pleading was treated as a notice of review, pursuant to SCR 3.370. Respondent was notified that his pleading was deficient and that he would have ten (10) days to make the necessary corrections. Before a request for a notice of review can be filed, Respondent must furnish a bond with surety for the costs associated with the action. SCR 3.370(8). Respondent declined to comply with this requirement. Therefore, this Court finds that a notice of review has not been filed and, pursuant to SCR 3.370(10), the recommendation of the Board of Governors is adopted.

■ This action involves events relating to a lawsuit filed by Respondent against Kentucky Utilities Company in 1993. Respondent brought the lawsuit after his electricity was terminated because of his failure to pay a $179.29 electric bill for service to his law office. Respondent filed suit to contest the amount of the bill. Kentucky Utilities filed a motion for summary judgment, which was granted by the Circuit Judge. Respondent appealed that decision to the Kentucky Court of Appeals, which affirmed the judgment. Respondent then filed a Motion for Discretionary Review with this Court, which was denied. Contemporaneously, Respondent incorporated an Ohio non-profit corporation known as, "The Kentucky Court of Last Resort, Inc.," which was formed in order to "expos[e] abuses and corruption in the courts of the Commonwealth of Kentucky." In January 1998, Respondent prepared and disseminated the press release which is the subject of this action.

The press release accused the Circuit Judge who granted the motion for summary judgment and two Court of Appeals Judges who voted to affirm the judgment of accepting bribes from Kentucky Utilities. The press release was published in *The Ohio County Messenger* of Beaver Dam, Kentucky, *The Herald–Voice* of Hazard, Kentucky and *The Letcher County News.* Because of this press release, the Inquiry Tribunal issued a complaint against Respondent pursuant to SCR 3.160(2). Respondent filed two responses in which he admitted disseminating the press release and reiterated his accusations against the three judges. On May 27, 1998, the Inquiry Tribunal charged Respondent with one count of violating SCR 3.130–8.2(a), which states that:

A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.

In June 1998, Respondent filed an answer to the charge brought against him. The Inquiry Tribunal found that the answer raised an issue of fact. A trial commissioner was appointed and an evidentiary hearing was held. After hearing the evidence, the trial commissioner concluded that Respondent had produced no evidence to prove his allegations against the judges, and that he had "operated with reckless disregard for the truth in accusing each of these judges of improper actions and the accepting of undue influence." The trial commissioner likewise found that Respondent, by his own testimony, intended to continue to publish the "Kentucky Court of Last Resort" newsletter, and continued to express his "ongoing disdain for the profession, the Bar Association, and the Judiciary." The trial commissioner recommended that Respondent be disbarred.

Respondent requested oral argument before the Board of Governors of the Kentucky Bar Association, which was granted. After denying Respondent's motion to dismiss the charge against him, the Board

found Respondent guilty of the charge and recommended that he be suspended from the practice of law in the Commonwealth of Kentucky for a period of two (2) years. The Board also determined that Respondent has moved to Ohio, and that he retains an Ohio license to practice law, a fact which Respondent disputes.

Upon the foregoing facts and charges, it is ordered as follows:

1. Respondent, John Marshall Prewitt, is suspended from the practice of law in the Commonwealth of Kentucky for a period of two (2) years, which period of suspension shall commence on the date of entry of this Order;

2. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $921.60, for which execution may issue from this Court upon finality of this Order;

3. Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Order, notify in writing all courts in which he has matters pending and all clients of his inability to represent them, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

JOHNSTONE, J., not sitting.

ENTERED: November 18, 1999.

/s/ JOSEPH E. LAMBERT
CHIEF JUSTICE